IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD G. LINDSEY SR.                                                                    PLAINTIFF

V.                                          CIVIL NO. 6:13-cv-06031

WARDEN REED; MAJOR MCHANN;
LT. DYCUS; and PRATT                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Ronald Lindsey, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections Ouachita River Unit in Malvern, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant James Pratt's Motion to Dismiss. ECF No. 16. Plaintiff did not respond. After careful consideration the Court makes the following Report and Recommendation.

**I.    BACKGROUND**

Plaintiff filed his Complaint on March 29, 2013 in the Eastern District of Arkansas. ECF No. 2. The Eastern District properly transferred the case to this Court on April 4, 2013. ECF No. 3. In his Complaint, Plaintiff names Warden Reed, Major McHann, Lt. Dycus, and Mr. Pratt as Defendants in this matter. ECF No. 2, pp. 1-2. Plaintiff indicates he is suing each of the

1

Defendants in both their individual and official capacities. Plaintiff alleges that on December 7, 2012 Defendant Dycus removed the large handicap shower chair from "golf barracks" and replaced it with a smaller broken chair with no handles. ECF No. 2, p. 4. Further, Plaintiff claims that he was denied the large chair, which he needs for his physical impairment, because other inmates were abusing the large chair. Plaintiff states it was Defendants Dycus and Pratt that had an "issue" with the larger chair. ECF No. 2, p. 4.

For relief Plaintiff requests (1) Defendant Dycus admit he removed the chair because other inmates were using it improperly; (2) the chair be replaced with a new large shower chair; and (3) for "monetary and compensatory damages due to mental and physical stress." ECF No. 2, p. 5.

Plaintiff also attached inmate requests to his Complaint. On February 21, 2013, Plaintiff wrote an inmate request to the security department regarding the removal of the large chair. Plaintiff was directed by security that the chair was removed at the request of medical, and therefore, Plaintiff needed to write Defendant Pratt regarding the issue. ECF No. 2, p. 9. On the same day Plaintiff filed an Inmate Request Form to the medical department, specifically address to Defendant Pratt, complaining of the large chair being removed and explaining he could not sit in the replacement chair because of his physical disability and large build. Defendant Pratt responded instructing Plaintiff: "drop a request to have Ms. [illegible] evaluate again. We can move you to another barracks where there will not be a problem with the chair." ECF No. 2, p. 10.

Defendants filed their Motion to Dismiss and Brief in Support on June 10, 2013. ECF Nos. 16-17. Defendant Pratt's sole argument is that Plaintiff has failed to state a claim upon which relief may be granted because he failed to allege any physical injury caused by the removal of the

large chair. ECF No. 17.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Defendants argue that Plaintiff's failure to allege a physical injury resulting from the removal of the large shower chair warrants dismissal of his Complaint for failure to state a claim upon which relief may be granted.

While the only physical injury claimed by Plaintiff in his complaint is that of "physical stress" (ECF No. 2, p. 5), Plaintiff not only seeks compensatory damages in his Complaint but also injunctive relief through his request that the shower chair be replaced with a new larger shower chair and "any other relief deemed necessary by law and this court." ECF No. 2, p. 5.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be

3

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eighth Circuit Court of Appeals ("Eighth Circuit"), however, has held that the requirements of section 1997e(e) of the PLRA is not an element of a section 1983 claim but instead merely a limitation on the damages that may be recovered. *See Munn v. Toney*, 433 F.3d 1087, 1089 (8th Cir. 2006). Additionally, as explained by the Eighth Circuit, "Congress did not intend section 1997e(e) to bar recovery for all forms of relief." *Royal v. Kautzky,* 375 F.3d 720, 722-23 (8th Cir. 2004) (section 1997e(e) is not a bar to recovery for nominal and punitive damages or declaratory and injunctive relief under section 1983).

Accordingly, I find that Plaintiff's claims against Defendant Pratt should continue and the issue of any physical injury may be considered with regards to damages if this matter reaches that stage.

**IV.    CONCLUSION**

Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 16) be **DENIED**.

**The parties has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE